EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA ☒ EEOC | 430-2022-02677 |

**North Carolina Office of Administrative Hearings, Civil Rights Division** and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. Jonathan Daniel Williams | 828-208-4725 | 11/16/95 |

| Street Address | City, State and ZIP Code |
|---|---|
| 2802 Double Island Road. | Green Mountain, NC 28740 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Department of Public Safety – State of North Carolina – State Highway Patrol | ~2,400 | 919-733-2126 |

| Street Address | City, State and ZIP Code |
|---|---|
| 512 N. Salisbury Street | Raleigh, North Carolina 27699-4201 |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE  ☐ COLOR  ☐ SEX  ☒ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☒ DISABILITY  ☒ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: November 19, 2021
Latest: January 24, 2022

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

**RECEIVED By EEOC 07/22/2022**

1.) On September 1, 2021, due to a series of gubernatorial mandates, the North Carolina Department of Public Safety issued a policy requiring workers, including North Carolina Highway Patrol troopers, to either be fully vaccinated for Covid-19 or be tested for Covid-19 each week.

2.) Thereafter, I began testing for Covid-19 in compliance with this policy.

3.) On November 19, 2021, I submitted a Request for Reasonable Accommodation seeking an exemption from the nasal swab Covid-19 testing based on my sincerely held religious (Christian) beliefs.

4.) I was informed by my supervisors that I would be okay to work as long as I wore a mask when interacting with the public. They knew I was not going to do Covid-19 nasal swab testing yet they put me back on the road to work and told me to get tested. I told them that I could not agree to the nasal swab testing because it violated my sincerely held religious beliefs but that I would wear a mask. They still sent me out to work my shift with expectations that I could work as long as I wore a mask.

---

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Date: 07/21/2022
Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)

RECEIVED By EEOC 07/22/2022

---

5.) The next day, I was told to sign paperwork and surrender my firearm. I was not comfortable signing the paperwork and did not understand all the details. My Captain told me that signing the paperwork was solely for the purpose of acknowledging I received it. He did not read every page to me, gave a brief overall summary, and told me to sign every page. I was placed on Administrative Duty.

6.) On December 10, 2021, I met with Internal Affairs and was not denied my request for a Reasonable Accommodation at the time.

7.) On December 23, 2021, I received a letter denying my Request for Reasonable Accommodation because saliva testing was an alternative to nasal swab testing and I could conduct the saliva testing without violating my religious beliefs.

8.) I informed my supervisors that I was not aware that saliva testing was an approved option and stated that I would begin weekly saliva testing.

9.) I began the weekly saliva testing and tested each week to the best of my ability. Due to the availability of saliva testing sites, I tested outside of the weekly testing guidelines once or twice. However, my supervisors were aware of the reason, and I showed them that the locations offering saliva testing were booked making it impossible to get tests on a consistent weekly basis. My tests were done as close to the weekly deadlines as soon as appointments to saliva test were available (they were appointment only) and were mostly completed on time. I made a good faith effort to complete the tests and my supervisors said this was fine.

10.) On January 24, 2022, I was fired due to willful violation of known and written work rules.

11.) I believe that my termination was motivated by anti-religious animus and that it is retaliation for having engaged in protected activity under Title VII by making a Request for Reasonable Accommodation on November 19, 2021.

12.) I believe my accommodation request was reasonable because I used an alternative form of testing (saliva) that did not violate my religious beliefs so as to come into compliance. I also offered to conduct temperature testing as an alternative.

13.) I believe my termination was due to retaliation for making a Request for Reasonable Accommodation.

14.) Therefore, I believe I have been discriminated against in violation of Title VII due to my sincere and deeply held religious beliefs because I was not granted my requested accommodation even though it would have presented no undue hardship, my employer did not engage in a truly interactive process regarding my request, and I was retaliated against for engaging in protected activity.

15.) Additionally, I believe my rights under the ADA have been violated, most notably by my employer's not granting my accommodation, not engaging in a truly interactive process regarding my request, and retaliating against me for engaging in protected activity under the ADA. I also believe my employer regarded me as having a disability and discriminated against me on that basis.

16.) Furthermore, I believe my employer violated my rights under GINA by discriminating against me because of my genetic information.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| 07/21/2022          [signature] <br> Date            Charging Party Signature | SIGNATURE OF COMPLAINANT <br><br> SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

**RECEIVED By EEOC 07/22/2022**