IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
FILE NO. 1:23-CV-366-MR-WCM

| | | |
|---|---|---|
| JONATHAN DANIEL WILLIAMS, | ) | |
| | ) | **ANSWER** |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| N. C. DEPARTMENT OF PUBLIC | ) | |
| SAFETY, N. C. HIGHWAY PATROL, *et* | ) | |
| *al.*, | ) | |
| | ) | |
| Defendants. | ) | |

NOW COME Defendants, North Carolina Department of Public Safety ("NCDPS"), Aaron C. Ammons ("Ammons"), Christopher W. Cook ("Cook"), Randy L. Deaton ("Deaton"), Brandon S. Smith ("Smith"), and Harold F. Stines ("Stines") (together, "Defendants"), through counsel, and respond to Plaintiff's Complaint [D.E. 1] as follows:

## I.  THE PARTIES TO THE COMPLAINT

**A. The Plaintiff(s)**  Admitted upon information and belief.

**B. The Defendant(s)**  It is admitted that NCDPS's principal office is the address listed in this paragraph, and that the North Carolina State Highway Patrol ("NCSHP") is a law enforcement agency within NCDPS.  It is further admitted that, at all relevant times, the other Defendants were employed by NCDPS as part of the NCSHP.  Except as admitted, the allegations in Section B, the Defendant(s), are denied.

**C. Place of Employment**  It is admitted that, at all relevant times, Plaintiff was employed by NCDPS as a member of the NCSHP, with the address and phone number listed in the Complaint.  Except as admitted, the allegations in Section C, Place of Employment, are denied.

1

## II. BASIS FOR JURISDICTION

Answering Section II, Basis for Jurisdiction, it is admitted, upon information and belief, that Plaintiff purports to file a claim against Defendants pursuant to Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act of 1990. Except as admitted, the allegations in Section II are denied.

## III. STATEMENT OF CLAIM

Defendants deny the allegations that are directed against them, including any allegations against them in paragraphs 1 through 17 of the attachment to the Statement of Claim. Defendants specifically deny that any of Plaintiff's rights or privileges granted him under federal law were violated by any of the Defendants. Except as specifically admitted herein, the allegations in Section III, including the attachment thereto, are denied.

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES ADMINISTRATIVE PROCEDURES

Answering Section IV, Administrative Procedures, there are no allegations directed to Defendants, and therefore, no response is required. Section IV is specifically denied to the extent that it asserts or implies that Plaintiff has exhausted administrative remedies as required by law in connection with the claims asserted in this action against Defendants. Except as admitted herein, the allegations in Section IV are denied.

## V. RELIEF

Answering Section V, Relief, it is denied that Plaintiff has asserted any facts sufficient to state a claim for any form of damages against Defendants or to support any form of compensatory, injunctive, or punitive relief.

2

## VI. CERTIFICATION AND CLOSING

Answering Section VI, Plaintiff's Certification and Closing, there are no factual allegations contained in this section of the Complaint, and therefore, no response is required. To the extent a response is required, any allegations contained in this section of the Complaint are denied.

**ANY AND ALL OTHER ALLEGATIONS MADE IN PLAINTIFF'S COMPLAINT, INCLUDING THE RELIEF REQUESTED AND ANY ALLEGATIONS CONTAINED IN SUPPLEMENTS, EXHIBITS, AND ATTACHMENTS THERETO, EXCEPT AS SPECIFICALLY ADMITTED ABOVE, ARE HEREBY DENIED. FURTHER ANSWERING THE COMPLAINT OF THE PLAINTIFF AND AS FURTHER DEFENSES THERETO, DEFENDANTS AVER:**

### FIRST DEFENSE

Plaintiff fails to state a claim upon which relief can be granted against Defendants, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants plead this failure in bar of Plaintiff's claims against them.

### SECOND DEFENSE

With regard to the claims listed in Plaintiff's Complaint and the EEOC charge, to the extent that any of the acts alleged occurred in excess of 180 days prior to the filing of the EEOC charge, Plaintiff failed to comply with procedural prerequisites for bringing a discrimination claim under the ADA in that he did not timely file an EEOC charge regarding these alleged acts of discrimination prior to filing this lawsuit as required in 29 U.S.C. § 626(d) and 42 U.S.C. § 12117. For this reason, this Court lacks subject matter jurisdiction with regard to these claims, and they should be dismissed.

### THIRD DEFENSE

To the extent Plaintiff's claims are based on any acts that occurred prior to any applicable statute of limitations, Plaintiff's claims are time-barred.

**FOURTH DEFENSE**

Defendants deny that Plaintiff is entitled to any damages.  Furthermore, Plaintiff, with the exercise of reasonable diligence and effort, could have mitigated the damages alleged in the Complaint. Therefore, any such damages were directly and proximately caused by Plaintiff's failure, neglect, and refusal to exercise reasonable diligence to mitigate the damages alleged, and Plaintiff is barred from any recovery.

**FIFTH DEFENSE**

Plaintiff's claims are barred to the extent that he failed to exhaust administrative remedies.

**SIXTH DEFENSE**

Plaintiff's claims are not actionable because the challenged employment practices are justified by legitimate non-discriminatory, and non-pretextual reasons unrelated to religion, genetic information, disability, or protected activity.

**SEVENTH DEFENSE**

Defendants exercised reasonable care to avoid discrimination and to eliminate it when it might have occurred.  At all relevant times, NCDPS had in place a strong policy against discrimination, and Defendants vigorously enforced that policy.  NCDPS published its policy to all employees, including but not limited to Plaintiff.  NCDPS's declared, published and enforced policies included reasonable and adequate procedures by which Plaintiff and other employees could complain of discrimination.

**EIGHTH DEFENSE**

Defendants did not act with malice or reckless indifference to Plaintiff's federally protected rights within the meaning of Section 102(b)(1) of the Civil Rights Act of 1991.

4

## NINTH DEFENSE

Defendants reserve the right to plead additional affirmative defenses at a later time if such defenses are appropriate based on information then available.

**WHEREFORE**, having responded to the allegations of Plaintiff's Complaint [D.E. 1], and asserted defense and immunities, Defendants pray the Court as follows:

1. That Plaintiff's claims against Defendants be dismissed with prejudice;

2. That Plaintiff have and recover nothing from Defendants in this action;

3. That costs of this action, including attorney's fees, be taxed to Plaintiff; and

4. For such other and further relief as the Court deems just and proper

This the 1st day of April, 2024.

> **JOSHUA H. STEIN**
> **Attorney General**
>
> /s/ James B. Trachtman
> James B. Trachtman
> Special Deputy Attorney General
> N.C. State Bar No. 22360
> N.C. Department of Justice
> Public Safety Section
> Post Office Box 629
> Raleigh, North Carolina 27602-0629
> Telephone:  (919) 716-6943
> Facsimile:  (919) 716-6761
> E-Mail:  jtrachtman@ncdoj.gov

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that, on the above date, I electronically filed the foregoing **ANSWER** with the Clerk of the Court utilizing the CM/ECF system, and on the date below, have caused to be served said document upon the Plaintiff, a non-CM/ECF participant via United States Mail, first-class, postage prepaid addressed as follows:

Jonathan Daniel Williams
20 Sleepy Hollow Road
Burnsville, NC  28714
*Pro se plaintiff*

This the <u>1st </u>day of April, 2024.

<u>/s/ James B. Trachtman</u>
James B. Trachtman
Special Deputy Attorney General

6