IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
FILE NO. 1:23-CV-366-MR-WCM

| | |
|---|---|
| JONATHAN DANIEL WILLIAMS, | |
| Plaintiff, | |
| v. | **CONSENT PROTECTIVE ORDER** |
| N. C. DEPARTMENT OF PUBLIC SAFETY, N. C. HIGHWAY PATROL, *et al.*, | |
| Defendants. | |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, *Pro Se* Plaintiff and Defendants, by and through undersigned counsel, (hereinafter jointly referred to as "the Parties"), request and stipulate to entry of this Consent Protective Order governing the production of confidential documents, materials, and information ("Confidential Information")

Plaintiff and Defendants stipulate and agree to the following statements of fact which authorize this court's entry of the consent order:

1. It is anticipated that during the court of this litigation, Defendants obtained and will continue to obtain and disclose to Plaintiff, or the Court, information from the North Carolina Department of Public Safety ("the Department") that is confidential by operation of federal or state law.

2. Due to the confidential nature of much of the information that will be produced in this matter, a protective order is necessary to authorize the release of such confidential information and to ensure that such confidential information is not disclosed or used for any purpose except in connection with this litigation.

1

3. "Confidential Information" is defined as follows:

   a. North Carolina State Highway Patrol Internal Affairs ("IA") Investigation No. IA2021-084;

   b. Information and documents contained in "personnel files," as that phrase is defined in N.C. Gen. Stat. § 126-24;

   c. "Protected health information" as that phrase is defined in 45 C.F.R. § 160.103;

   d. "Personally Identifiable Information," as that phrase is defined in 45 C.F.R. § 75.2, of current or former employees and contractors of the Department, including but not limited to dates of birth, social security numbers, home addresses and telephone numbers, insurance records or designations, medical and/or disability information, and other purely private information;

   e. Other information that is potentially embarrassing or invasive of the privacy of a person not a party to this litigation and therefore an appropriate subject of a protective order under Rule 26(c)(1) of the Federal Rules of Civil Procedure.

4. For purposes of this protective order, the term "N.C. State Highway Patrol Internal Affairs File No. IA2021-084" refers to all materials contained in N.C. State Highway Patrol Internal Affairs File No. IA2021-084, including but not limited to photographs, writings, drawings, graphs, charts, recordings, statements, notes, or any other items contained within the investigative file.

5. Except as may be otherwise provided by further order of the Court, the investigation records, including the documents contained in the N.C. State Highway Patrol Internal Affairs File No. IA2021-084, shall be used for no purpose other than prosecuting or defending this action and shall be disclosed only to the persons identified below.

6. Except as may be otherwise provided by further order of the Court, access to and the use of any confidential information, including the N.C. State Highway Patrol Internal Affairs File No. IA2021-084, or any part thereof, produced by Defendants and the NCDPS, shall be disclosed only to the persons identified below:

   a. The Court and its staff.

   b. The parties and attorneys of record for the parties, and their legal assistants; other staff members, and law student clerks; insurers, their agents and employees; outside companies engaged by attorneys for the parties to photocopy such documents.

   c. Court-Appointed Mediators.

   d. Consultants and technical experts involved in the preparation of this action.

   e. Court reporters, their transcribers, assistants and employees.

   f. Any potential or actual deposition or trial witness to the extent that it is necessary to tender to such witness an "Exhibit A" confidential document in order to elicit testimony relevant to the matters at issue in this case; and,

   g. The jury.

7. *Pro Se* Plaintiff and Counsel for Defendants, including their agents and employees, may make copies of the confidential information, including the N.C. State Highway Patrol Internal Affairs File No. IA2021-084, for Plaintiff or Defense experts upon receiving from said experts a written agreement in substantially the same form as "Exhibit A" hereto stating that they will be bound by the terms of the Protective Order. The requirement of obtaining such an agreement shall be satisfied by having each of the Plaintiff or Defense experts read, acknowledge, and agree in writing to be bound by this Protective Order. A

file of all such written acknowledgements shall be maintained by Plaintiff or Defense counsel. By signing the declaration agreeing to be bound by this Protective Order, each of the Plaintiff or Defense experts submits himself or herself to the jurisdiction of this Court for purposes of enforcement of this Protective Order.

8. Inadvertent disclosure of Confidential Information, without identifying the same as confidential, shall not be deemed a waiver of confidentiality with regard to similar or related information nor shall it be deemed a waiver of confidentiality with regard to the information inadvertently disclosed if promptly called to the attention of counsel for each receiving party.

9. Individuals and entities who are permitted access to the investigation records, including the N.C. State Highway Patrol Internal Affairs File No. IA2021-084 pursuant to Paragraph 4, are hereby ordered not to show, convey, or reproduce any documents so designated or parts thereof, or copies thereof, or any matter contained herein, or any extracts or summaries thereof, to any individual, or to any entity that would not otherwise have access to said documents under the provisions of this Protective Order.

10. Any document designated a confidential record, including the N.C. State Highway Patrol Internal Affairs File No. IA2021-084, and filed with the Court, and any brief referring to such document shall be filed under seal and shall be made available only to the Plaintiff, Defendants, and/or persons authorized by the terms of the Protective Order. The party filing any such document shall be responsible for designating to the Clerk that the filing is subject to this Protective Order and is to be kept under seal. Each time a party seeks to file under seal confidential documents, things, and/or information, said party shall

accompany this request with a motion to seal and a supporting memorandum of law specifying:

   a. The exact documents, things, and/or information, or portions thereof, for which filing under seal is requested.

   b. Where it is necessary for the court to determine the source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or the First Amendment presumption to access.

   c. The specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access.

   d. The reasons why alternatives to sealing are inadequate; and,

   e. Whether there is consent to the motion. Finally, in addition to the motion and supporting memorandum, said party must set out such findings in a proposed order to seal for the court.

11. At the conclusion of this litigation, each document produced by Defendants or the NCDPS and subject to this Protective Order shall be destroyed or returned to counsel for Defendants or the NCDPS for destruction.

12. Nothing in the foregoing provisions of this Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, such additional protection with respect to confidential information as that party may consider appropriate, including but not limited to moving that certain materials be filed under seal; nor shall any party be precluded from claiming that any matter designated hereunder is not entitled to protection, or is entitled to a more limited form of protection than designated.

SO ORDERED this the _____ day of _____, 2025.

_____
United States District Court Judge

AGREED TO BY:

Joseph P. Vellon                                  Jonathan D. Williams
Special Deputy Attorney General                   *Pro Se Plaintiff*
N.C. Department of Justice
*Counsel for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
FILE NO. 1:23-CV-366-MR-WCM

| | |
|---|---|
| JONATHAN DANIEL WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>N. C. DEPARTMENT OF PUBLIC SAFETY, N. C. HIGHWAY PATROL, *et al.*, | **EXHIBIT A:<br>CONFIDENTIALITY AGREEMENT** |

    I have read and am familiar with the terms of the Protective Order governing the disclosure of confidential information regarding the N.C. State Highway Patrol Internal Affairs File No. IA2021-084 in the case of *Jonathan D. Williams v. NC Department of Public Safety et al.,* Case No. 1:23-cv-366, United States District Court for the Western District of North Carolina. I agree to abide by all the terms of said Order and not to reveal or otherwise communicate any of the information or documents disclosed to me pursuant thereto to anyone except in accordance with the terms of said Order. I agree not to make use of any information obtained, whether in documentary or other form, pursuant to that Order other than for the purposes of this litigation. I also agree to return to counsel of record no later than sixty (60) days after the termination of this litigation any and all documents in my possession containing information which is the subject of said Order or disclosed to me pursuant to the Order (whether such information is in the form of notes, memoranda, reports or other written communications or documents prepared by any person at any time containing information covered by the terms of said Order). I further agree to submit

myself to the jurisdiction of the foregoing court, including its contempt power, for enforcement of said order.

_____
Signature

_____
Printed Name

_____
Date