# North Carolina Department of Public Safety
## State Highway Patrol

Roy Cooper, Governor
Eddie M. Buffaloe, Jr., Secretary

Freddy L. Johnson, Jr.
Commander

Personnel Unit

24 January 2022

MEMORANDUM

TO:         TROOPER JONATHAN D. WILLIAMS

FROM:       MAJOR JASON R. DEARDORFF

RE:         NOTICE OF PROBATIONARY SEPARATION - TROOPER JONATHAN D. WILLIAMS (PERNR #02170387)

This memorandum is to inform you that your Probationary appointment as a North Carolina State Trooper will end effective 24 January 2022. Management has decided to end your appointment due to your Unacceptable Personal Conduct as defined in Section 7, XIII, Definitions, of the Office of State Human Resources (OSHR) Disciplinary Action Policy.

The specific reasons for your separation are your willful violation of known and written work rules and insubordination. Specifically, your continued refusal to adhere to the Executive Orders issued by the Governor, the OSHR Requirements for COVID-19 Testing and Face Coverings as an Alternative to Proof of Full Vaccination Policy, and North Carolina Department of Public Safety (NCDPS) Policy Number: DPS-HR-600-04, despite being explicitly directed by an authorized supervisor to bring yourself into compliance with the requirements thereof.

As a result of your refusal, an expedited internal investigation was conducted, and it determined the following:

- On July 29, 2021 North Carolina Governor Roy Cooper, the chief executive officer of the state responsible for formulating and administering the policies of the executive branch of state government, including the North Carolina Department of Public Safety (NCDPS), issued Executive Order 224 which requires workers from all agencies that are part of the Governor's Office or are headed by members of the Governor's Cabinet to either: provide proof that they are fully vaccinated; or be tested at least once a week for COVID-19. Executive Order 224 further required OSHR to develop and issue a policy establishing these requirements with an effective date of September 1, 2021.

- OSHR issued the Requirements for COVID-19 Testing and Face Coverings as an Alternative to Proof of Full Vaccination Policy on August 13, 2021. This policy establishes the above referenced proof of full vaccination or weekly testing requirement.

- On August 31, 2021, Governor Cooper issued Executive Order 229, which throughout the effective period of that Executive Order 224, directed Cabinet agencies to continue to implement the COVID Policy requiring workers to either be fully vaccinated or be tested for COVID-19 each week. Executive Order 229 was to remain in effect through November 29, 2021, unless rescinded or extended by another applicable executive order. These requirements were extended by subsequent Executive Orders, as more fully referenced below, on November 29, 2021 and January 4, 2022.

- On September 1, 2021, NCDPS issued Policy Number: DPS-HR-600-04, to provide guidelines to NCDPS workers regarding requirements for face coverings, COVID-19 testing, and proof of COVID-19 vaccination status and requests for accommodations, consistent with both Executive Order 224 and the OSHR Requirements for COVID-19 Testing and Face Coverings as an Alternative to Proof of Full Vaccination Policy.

- On September 1, 2021, Interim Secretary Casandra Hoekstra issued an email to all NCDPS employees containing a hyperlink to DPS-HR-600-04, along with an explanation of the policy's requirements. In her email, Interim Secretary Hoekstra explained that DPS-HR-600-04 directs all NCDPS workers that, *"If you are fully vaccinated, please locate and be prepared to submit documentation of your fully vaccinated status to COVIDSafeNC (a new secure website developed by the NC Department of Information Technology). Expect a notification from OSHR on the submission link. The deadline for the initial submission is Sept. 8, 2021...If you are not fully vaccinated as of Sept. 1, 2021, you will need to begin weekly testing for COVID-19 and verify the initial test results by Sept. 8, 2021...Be prepared to update your weekly testing information to COVIDSafeNC."*

- On September 3, 2021, OSHR assigned a mandatory attestation for the Requirements for the COVID-19 Testing and Face Coverings as an Alternative to Proof of Full Vaccination Policy to all NCDPS workers through the Learning Management System. The assignment had a required completion date of September 15, 2021. The attestation statement stated, "I have read, understand and agree to abide by the policy set forth. I further understand that failure to fully comply with the policy and adhere to these standards may result in disciplinary action up to and including dismissal." You acknowledged this attestation on September 15, 2021.

- On September 7, 2021, NCDPS Human Resources Director Michael Dail issued an email to all NCDPS workers providing access to the COVIDSafeNC platform. His email further reiterated the following, *"If you are fully vaccinated, please submit documentation of your fully vaccinated status to COVIDSafeNC. The deadline for the initial submission is Sept. 8, 2021. If you are not fully vaccinated, proof (test results) of being tested for COVID-19 is due every seven calendar days. The first due date is Sept. 8 (for the testing period Sept. 1 – 7). Update your weekly testing information to the COVIDSafeNC platform."*

- On November 29, 2021, Governor Cooper issued Executive Order 238, further extending measures to facilitate the requirement that, Cabinet agencies are directed to continue to implement the COVID Policy, requiring workers to either be fully vaccinated or be tested

Williams v. NCDPS, et al            1:23-CV-366-MR-WCM            MSJ - Exhibit 2d

Case 1:23-cv-00366-MR-WCM    Document 45-6    Filed 11/20/25    Page 2 of 6

for COVID-19 each week. Executive Order 238 was to remain in effect through January 5, 2022, unless repealed, rescinded, or replaced by another applicable Executive Order. The requirement that Cabinet agencies continue to implement the policy was extended through April 5, 2022, in Executive Order 244 issued on January 4, 2021.

- In response, you provided a written response on November 29, 2021 expressing your refusal to comply with the requirement that you either provide proof that you are fully vaccinated or be tested at least once a week for COVID-19.

- As of December 29, 2021, you have failed to provide either documentation of fully vaccinated status, or weekly test results to the COVIDSafeNC platform as required under DPS HR 600-04 and EO224, 229 and 238.

- As a member of the North Carolina State Highway Patrol your duties include: assisting the public in emergencies; investigating highway accidents; apprehending violators of the law and/or issuing warnings; testifying in court; responding when required during a declared State of Emergency; and assisting other law enforcement agencies to ensure public safety. Accordingly, carrying out these duties requires your direct interaction with members of the public, your coworkers, court staff, judicial officers and officials, and other public safety and emergency response personnel. Your failure to adhere to the above referenced Executive Orders and policies has the potential to place all of the individuals your position requires you to interact with at further risk of being exposed to COVID-19.

State and agency policies establish guidelines for staff conduct and the possible consequences in instances where staff fail to meet these expectations or otherwise violate these policies. Policies specific to the issue noted above are included below:

The OSHR, Disciplinary Action Policy, Section 7; XIII defines Unacceptable Personal Conduct as an act that is any of the following: *"conduct for which no reasonable person should expect to receive prior warning...job-related conduct which constitutes a violation of State or federal law...the willful violation of known or written work rules...Insubordination."* This policy also states, *"Just cause to warn or take other disciplinary action for unacceptable personal conduct may be created by intentional or unintentional acts. The conduct may be job-related (on duty) or off duty, so long as there is a sufficient connection between the off-duty conduct and the employee's job."* This policy further states, *"Any employee may be suspended without pay...for causes relating to any form of unacceptable personal conduct or grossly inefficient job performance without any prior disciplinary action"* and *"An employee may be dismissed for disciplinary purposes...for causes relating to any form of unacceptable personal conduct ... without any prior disciplinary action."* This means that all employees may be disciplined for a single incident of Unacceptable Personal Conduct, without prior incident or notice. Insubordination is defined the OSHR Disciplinary Action Policy as *"the willful failure or refusal to carry out a reasonable order from an authorized supervisor. Insubordination is unacceptable personal conduct for which any level of discipline, including dismissal, may be imposed without prior warning."*

Williams v. NCDPS, et al      1:23-CV-366-MR-WCM      MSJ - Exhibit 2d

Case 1:23-cv-00366-MR-WCM    Document 45-6    Filed 11/20/25    Page 3 of 6

The OSHR Appointment Types and Career Status Policy states, *"Individuals receiving initial appointments to permanent positions must serve a probationary period. The probationary period is an extension of the selection process, and provides the time the new employee needs to achieve performance at or above the expectations of the job or to be separated if performance does not meet acceptable standards...Employees who are hired by a State agency, department or university in a sworn law enforcement position or forensic scientist position and who are required to complete a formal training program prior to assuming law enforcement or forensic scientist duties with the hiring agency, department or university shall become career State employees only after being employed by the agency, department or university for 24 continuous months...Prior to achieving career status, an employee may be separated from service for causes relating to performance of duties or for personal conduct detrimental to the agency without right of appeal or hearing. Except in cases of discrimination, a separation prior to achieving career status is not subject to the right of appeal."*

Section 4.1 of Governor Roy Cooper's Executive Order 224 states, *"a) All workers must either: 1. Provide proof that they are Fully Vaccinated; or 2. Be tested at least once a week for COVID-19...e) State employees may be subject to disciplinary action for violations of this Subsection 4.1 or the OSHR policy, up to and including dismissal."* Section 8.2 further states, *"A violation of this Executive Order may be subject to prosecution pursuant to N.C. Gen. Stat. § 166A-19.30(d) and is punishable as a Class 2 misdemeanor in accordance with N.C. Gen. Stat. § 14-288.20A."*

The OSHR Requirements for COVID-19 Testing and Face Coverings as an Alternative to Proof of Full Vaccination Policy states, *"All Workers at Participating Agencies must either: 1. Provide proof that they are Fully Vaccinated; or 2. Be tested at least once a week for COVID-19, with the last test result negative for COVID-19 infection...If a Worker chooses to be tested rather than becoming Fully Vaccinated, a Worker meets the requirements of this Policy by providing the following to the Participating Agency's Human Resources office, to an Information Technology support system designated by the Human Resources office, or to a Designated Person. The Worker needs to provide a negative result from a COVID-19 test, and this COVID-19 test must have been taken in the last seven days (168 hours) before the beginning of the Worker's shift."*

DPS-HR-600-04 Section (C)(1) states, *"Workers should provide proof of COVID-19 vaccination if they are or may be required to come into an office, facility, or any other on-site venue for meetings, training, or any part of their duties OR even if they never come into an office or on-site venue, they interact regularly with the public as part of their job duties."* Section (D) states, *"1. Workers are required to submit to weekly COVID-19 testing if they are not fully vaccinated for COVID-19 and may be required to come into an office, facility, or any other on-site venue for meetings, training, or any part of their duties OR even if they never come into an office or on-site venue, they interact regularly with the public as part of their job duties. 2. Workers must produce a negative COVID-19 test result from a test conducted within the last seven days (168 hours) before the beginning of their shift[.]"* Section (J)(1) states in part, *"Workers may be subject to disciplinary action for violations of this policy, up to and including dismissal[.]"*

Trooper Jonathan D. Williams
Notice of Probationary Separation
24 January 2022
Page 4 of 6

Statutes specific to the issues noted above are included below:

N.C. Gen. Stat. § 126-1.1. states, *"(c) Notwithstanding the provisions of subsection (a) above, employees who are hired by a State agency, department or university in a sworn law enforcement position or forensic scientist position and who are required to complete a formal training program prior to assuming law enforcement or forensic scientist duties with the hiring agency, department or university shall become career State employees only after being employed by the agency, department or university for 24 continuous months."*

N.C. Gen. Stat. § 166A-19.30(a) establishes the additional powers of the Governor during state of emergency, which includes the power to *"to relieve any public official having administrative responsibilities under this Article of such responsibilities for willful failure to obey an order, rule, or regulation adopted pursuant to this Article."* Subpart (d) also establishes that *"Any person who violates any provision of a declaration or executive order issued pursuant to this section shall be guilty of a Class 2 misdemeanor in accordance with G.S. 14-288.20A."*

As an employee and representative of NCDPS, you are to conduct yourself in a professional manner and in accordance with the agency's high standards at all times. This includes the expectation that you adhere to Executive Orders issued by the Governor, follow all reasonable directives given to you by an authorized supervisor, and the expectation that you abide by known or written work rules. The state, and our nation, is currently facing an unprecedented pandemic requiring the mobilization and cooperation of every available staff member to effectively combat the spread of COVID-19. These extraordinary circumstances have resulted in additional requirements being enacted and enforced to slow the spread of the virus itself, especially the highly contagious Delta variant. Specifically, the Governor's Executive Order, the OSHR policy directives and the NCDPS policy directives cited above have been adopted to assist in the protection of the health and safety of state employees and the public we serve. These policies are consistent with policies adopted by the federal government, numerous other states, and myriad private employers. Nevertheless, you have clearly expressed your refusal to comply with the Governor's Executive Order and the known written work rules listed above. Consequently, your actions are in direct conflict with the unambiguous instructions conveyed to you by the Governor, Interim Secretary Hoekstra, and Human Resources Director Dail. Accordingly, your noted refusal is serious, and it is considered insubordination and a willful violation of known and written work rules. By definition, your actions amount to unacceptable personal conduct.

You began your employment with NCDPS on February 9, ~~2022~~. 2020 *[handwritten: JDW]* Because you have been continuously employed in a position subject to the State Human Resources Act for the less than 24 continuous months, and you occupy a sworn law enforcement position, you are a probationary State employee. *"Employees may be separated during a probationary appointment for causes related to performance of duties or unacceptable personal conduct."* 25 NCAC 01D .0201(d). As indicated above, probationary employees have no just-cause rights concerning employment, and no progressive disciplinary steps are necessary before probationary employees are dismissed. Based on the foregoing, and in light of your probationary status, your appointment as a North Carolina State Trooper is hereby terminated.

Williams v. NCDPS, et al     1:23-CV-366-MR-WCM     MSJ - Exhibit 2d

Case 1:23-cv-00366-MR-WCM    Document 45-6    Filed 11/20/25    Page 5 of 6

If you have any questions regarding final pay of benefits information, you should contact First Sergeant H. L. Councilman, at (984) 349-6769.

You do not have appeal rights except as provided in the OSHR Employee Grievance Policy. A copy of this policy may be found online at www.oshr.nc.gov. As stated in the Grievance Policy, a limited set of issues may be grieved by probationary State employees. The address to submit any grievance is Department of Public Safety, 512 N. Salisbury Street, 4201 Mail Service Center, Raleigh, NC 27699-4201. As an alternative to mail, the appeal may be emailed to Grievance.Appeals@ncdps.gov, or hand delivered to the State Capitol Police, 417 N. Salisbury Street, Raleigh, NC 27603, between the hours of 8:00 a.m. and 5:00 p.m.

N.C. Gen. Stat. § 126-23(a)(11) provides that Dismissal letters are public information and must be released, if requested, if requested.

JRD: ckp

By signing this letter, I acknowledge receipt of this separation letter of my Probationary appointment.

Employee Signature: _____ Date: _01/24/22_

If Applicable:
Witness Signature: _CPT. 7C/F 2t_ Date: _1/24/22_

Witness Print: _CPT. H.F. STINES_ Date: _1/24/22_
_LT. P.L. Deaton_ _1/24/22_

cc:  Commander's Office
     Unit File
     Personnel File – Raleigh
     Employee Relations

Williams v. NCDPS, et al          1:23-CV-366-MR-WCM          MSJ - Exhibit 2d

Case 1:23-cv-00366-MR-WCM     Document 45-6     Filed 11/20/25     Page 6 of 6