IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
FILE NO. 1:23-CV-366-MR-WCM

| | |
|---|---|
| JONATHAN DANIEL WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **PLAINTIFF'S RESPONSES AND** |
| v. ) | **OBJECTIONS TO DEFENDANTS'** |
| ) | **FIRST REQUESTS FOR ADMISSION,** |
| N. C. DEPARTMENT OF PUBLIC ) | **FIRST SET OF INTERROGATORIES** |
| SAFETY, N. C. HIGHWAY PATROL, *et al.*, ) | **AND FIRST REQUEST FOR** |
| Defendants. ) | **PRODUCTION OF DOCUMENTS** |
| ) | |

**TO:**   Joseph P. Vellon
Special Deputy Attorney General
NC Department of Justice
Public Safety Section
P.O. Box 629
Raleigh, NC 27602-0629
Telephone: (919) 716-6901
Facsimile: (919) 716-6761
Email: jvellon@ncdoj.gov
*Counsel for Defendants*


Manuel C. Davis
Assistant Attorney General
N. C. State Bar No.  51598
N. C. Department of Justice
Public Safety Section
P. O. Box 629
Raleigh, NC  27602-0629
Telephone: (919) 716-6906
Facsimile: (919) 716-6761
Email:  mdavis@ncdoj.gov
*Counsel for Defendants*


TO Defendants, North Carolina Department of Public Safety, North Carolina State

Highway Patrol, Randy L. Deaton, Brandon S. Smith, Harold F. Stines, Jr., Aaron C. Ammons, and Christopher W. Cook,(hereinafter "Defendants"):

PLAINTIFF Jonathan D. Williams ("Plaintiff") hereby submits the following responses and objections to Defendants' First Requests for Admission, First Set of Interrogatories, and First Request for Production of Documents in accordance with Rules 26, 33, 34, and 36 of the Federal Rules of Civil Procedure.

## DEFINITIONS

1. As used herein, the term "Plaintiff" refers to Jonathan D. Williams.

2. As used herein, the term "Defendants" refers collectively to the North Carolina Department of Public Safety, North Carolina State Highway Patrol, Randy L. Deaton, Brandon S. Smith, Harold F. Stines, Jr., Aaron C. Ammons, and Christopher W. Cook.

3. As used herein, the term "Counsel of Record" refers to Joseph P. Vellon, who remains listed on the Court's docket as counsel of record for Defendants, as well as Manuel C. Davis, Assistant Attorney General, with whom Plaintiff has been corresponding regarding this matter. Plaintiff understands that Mr. Davis is presently handling the defense of this action, although a formal substitution of counsel has not yet been filed. Accordingly, both attorneys are identified herein for clarity, without waiving any rights or objections regarding proper service or notice.

## GENERAL OBJECTIONS

Plaintiff objects to each Request for Admission, Interrogatory, and Request for Production to the extent that it:

1. Seeks information protected by the attorney–client privilege, the attorney work-product doctrine, or any other applicable privilege or immunity.

2. Is vague, ambiguous, overly broad, unduly burdensome, or seeks information not proportional to the needs of the case under Fed. R. Civ. P. 26(b)(1).

3. Assumes facts not established, calls for speculation, or misstates facts.

4. Requests information not relevant to any party's claim or defense.

5. Requests private, confidential, or personal information (including but not limited to medical, financial, and unrelated employment information) without an appropriate protective order.

6. Is duplicative or cumulative of information already in Defendants' possession or available through other means.

All responses are made subject to, and without waiving, these objections. Plaintiff reserves the right to supplement or amend these responses pursuant to Fed. R. Civ. P. 26(e).

## REQUEST FOR ADMISSIONS (RFA)

**RFA No. 1:** Plaintiff submitted a religious accommodation request in November 2021 seeking to be excused from State vaccination and testing requirements related to the COVID-19 pandemic. **Response:** Admit in part, deny in part. Plaintiff admits that on or about November 19, 2021, he submitted a written Request for Reasonable Accommodation based on sincerely held religious beliefs seeking exemption from nasal swab COVID-19 testing and vaccination requirements. Plaintiff denies that this request sought to be excused from all forms of testing, as he expressed willingness to consider non-invasive alternatives.

**RFA No. 2:** In December 2021 and January 2022, saliva testing was offered by NCSHP/NCDPS as an accommodation to the nasal testing and vaccination requirements then in place. **Response:** Admitted in part and denied in part. Plaintiff denies that it was offered as a complete or adequate accommodation. It was stated to Plaintiff by Captain Harold F. Stines, Jr on the day Plaintiff was fired that Plaintiff had not tested soon enough and that had he tested sooner this may not have happened. In December 2021 Plaintiff was notified by United States Mail and received notice on 12/23/2021 that the Religious Exemption Form Plaintiff submitted was denied and furthermore stated that "Executive Order 224and the OSHR and DPS policies cited accommodate non-invasive saliva tests." The Plaintiff notified his direct supervisors of this notice. The Supervisors stated that they were not aware of this testing method being approved at this time. Later that day saliva testing was offered directly to Plaintiff by direct supervisor and First Sergeant, Brandon S. Smith. Plaintiff agreed to saliva testing then and that same day direct

supervisor and Sergeant, Christopher W. Cook assisted the Plaintiff in setting up an appointment for saliva testing.

**RFA No. 3:** Plaintiff submitted COVID-19 saliva testing results on or about December 30, 2021, and January 10, 2022.

**Response:** Denied as incomplete or misleading. While Plaintiff acknowledges submitting COVID-19 saliva testing results on or about December 30, 2021 and January 10, 2022. The Plaintiff also submitted COVID-19 saliva testing results on or about January 18, 2022. Accordingly, the request is incomplete and misleading as stated.

**RFA No. 4:** State Agency Policy "Requirements for COVID-19 Testing and Face Coverings as an Alternative to Proof of Full Vaccination," updated August 27, 2021, required that state employees including Plaintiff "provide a negative result from a COVID-19 test… taken in the last seven days before the beginning of the Worker's shift."

**Response:** Admit that the cited policy contains the quoted language. Deny any implication that Plaintiff willfully failed to comply, as Plaintiff made good faith efforts to comply within logistical constraints acknowledged by supervisors.

**RFA No. 5:** Plaintiff acknowledged receiving notice of the State Agency Policy… on November 23, 2021.

**Response:** Admitted in part and denied in part. Plaintiff admits receiving a document on or about November 23, 2021, that was labeled as the referenced policy. Plaintiff denies that receipt constitutes acknowledgment or agreement to the policy's legality or applicability to Plaintiff.

**INTERROGATORIES**

**Interrogatory No. 1:** Identify all persons other than current and former employees of NCSHP/NCDPS in this action with knowledge of events.

**Response:** Subject to objections regarding overbreadth and relevance, Plaintiff identifies the following:

> **Plaintiff is aware that multiple NCSHP and/or NCDPS current and former employees during the relevant period may have knowledge of the events described. Due to the large number of such individuals and limited access to their contact information, the Plaintiff cannot identify all names at this time, but will supplement this response if more specific information becomes available.**

> **Chadwick K. Johnson**
> **Master Trooper**
> **Last known address: 1605 Crymes Cove Road, Waynesville, NC 28786**
> **Last known phone: (828) 734-8491**
> **Nature of Knowledge: Limited or partial knowledge based**

> **Jonathan C. Shelton**

4

Master Trooper and Field Training Officer to Plaintiff
Last known address: 38 Welcome Lane, Waynesville, NC 28786
Last known phone: 828-734-7921
Nature of Knowledge: Limited or partial knowledge based

Daniel A. Blagg
Probationary Trooper
Last known address: 41 Trevor Trial, Clyde, NC 28721
Last known phone: (828) 450-6663
Nature of Knowledge: Limited or partial knowledge based

Luke A. Pate
Master Trooper
Last known address: 5 Pleasure Lane, Clyde, NC 28721
Last known phone: (828) 385-2597
Nature of Knowledge: Limited or partial knowledge based

Trevor H. Sawyer
Senior Trooper
Last known address: 24 Evergreen Circle, Waynesville, NC 28786
Last known phone: (828) 424-8012
Nature of Knowledge: Spoke with Plaintiff during, throughout, and shortly after the incident and observed the Plaintiff during, throughout, and shortly after the incident. This includes the time prior to and then during the Plaintiffs administrative duty period and for several weeks following Plaintiffs employment separation.

Christopher S. Hall
Master Trooper
Last known address: 2 Glencliff Road, Candler, NC 28715
Last known phone: (828) 712-4490
Nature of Knowledge: Limited or partial knowledge based

Mark A. Conor
Senior Trooper
Last known address: 112 Blue Oval Road, Silva, NC 28779
Last known phone: 828-276-5956
Nature of Knowledge: Spoke with Plaintiff during, throughout, and shortly after the incident and observed the Plaintiff during, throughout, and shortly after the incident. This includes the time prior to and then during the Plaintiffs administrative duty period and for several weeks following Plaintiffs employment separation.

Tyson W. Crawford
Master Trooper
Last known address: 79 Labor Day Drive, Silva, NC 28779

Williams v. NCDPS, et al          1:23-CV-366-MR-WCM          MSJ - Exhibit 6
Case 1:23-cv-00366-MR-WCM     Document 45-11     Filed 11/20/25     Page 5 of 15

Last known phone: 828-226-3445
Nature of Knowledge: Limited or partial knowledge based

Cory J. Hipp
Sgt
Last known address: 64 High Grove Parkway, Whittier, NC 28789
Last known phone: 828-736-2973
Nature of Knowledge: Limited or partial knowledge based

Joey P. Henderson
Sgt
Last known address: 215 Cardinal Drive, Maggie Valley, NC 28751
Last known phone: (828) 734-6980
Nature of Knowledge: Limited or partial knowledge based

Erica N. Bass
Master Trooper
Last known address: 55 Percy Way, Clyde, NC 28716
Last known Phone: (828) 734-8937
Nature of Knowledge: Limited or partial knowledge based

Jordan E. Parton
Sgt
Last known address: 117 Hy-vu Drive, Waynesville, NC 28786
Last known phone: (828) 550-6872
Nature of Knowledge: Limited or partial knowledge based

Kimberly C. Davis
AS1
Last known address: 364 Bannock Drive, Clyde, 28721
Last known phone: (828) 421-5060
Nature of Knowledge: Limited or partial knowledge based

Steve D. Allen
Retired Trooper and Field Training Officer to Plaintiff
Last known phone: (828) 226-1766
(Plaintiff does not have current mailing address.)
Nature of Knowledge: Spoke with Plaintiff during, throughout, and shortly after the incident and observed the Plaintiff during, throughout, and shortly after the incident. This includes the time prior to and then during the Plaintiffs administrative duty period and for several weeks following Plaintiffs employment separation.

Titus Smith
Former Trooper
Last known phone: (828) 443-7327

(Plaintiff does not have current mailing address.)
Nature of Knowledge: Spoke with Plaintiff during, throughout, and shortly after the incident and observed the Plaintiff during, throughout, and shortly after the incident. This includes the time prior to and then during the Plaintiffs administrative duty period and for several weeks following Plaintiffs employment separation.

Denny Parunak
Former Trooper
Last known phone: (336) 927-3183
(Plaintiff does not have current mailing address.)
Nature of Knowledge: Limited or partial knowledge based

Bryce Pettit
Former Trooper
Last known phone: (828) 963-0995
(Plaintiff does not have current mailing address.)
Nature of Knowledge: Limited or partial knowledge based

Richard Grogan
Former Trooper
Last known phone: (336) 934-2436
(Plaintiff does not have current mailing address.)
Nature of Knowledge: Limited or partial knowledge based

Luke Staley
Former Trooper
Last known phone: (336) 927-3600
(Plaintiff does not have current mailing address.)
Nature of Knowledge: Limited or partial knowledge based

Jason Crouse
Former Trooper
Last known phone: (828) 228-2064
(Plaintiff does not have current mailing address.)
Nature of Knowledge: Limited or partial knowledge based

Dewey A. (Allen) Williams
Father to Plaintiff
Contact through Plaintiff
Nature of Knowledge: Limited or partial knowledge based.

Tamra G. Williams
Mother to Plaintiff
Contact through Plaintiff
Nature of Knowledge: Limited or partial knowledge based.

7

**Tabitha A. Williams**
**Sister to Plaintiff**
**Contact through Plaintiff**
**Nature of Knowledge: Limited or partial knowledge based.**

**Sarah E. (Liz) Williams**
**Sister to Plaintiff**
**Contact through Plaintiff**
**Nature of Knowledge: Limited or partial knowledge based.**

**Abigail M. Williams**
**Master Trooper and Sister to Plaintiff**
**Contact through Plaintiff**
**Nature of Knowledge: Aware of the events prior to, during and presently to the Plaintiff.**

**David A. Williams**
**Former Master Trooper, Clergy, and brother to Plaintiff**
**Contact through Plaintiff**
**Nature of Knowledge: Aware of the events prior to, during and presently to the Plaintiff.**

**Steven Moore**
**Canton Police Department Captain and current employer to Plaintiff**
**Contact through Plaintiff**
**Nature of Knowledge: His knowledge is based on a phone conversation that plaintiff had with him advising him that Plaintiff was involved currently in a lawsuit.**

**Joseph Westmoreland,**
**Former landlord,**
**Contact through Plaintiff**
**Nature of Knowledge: His knowledge is based on conversations following the events.**

Plaintiff reserves the right to supplement this response and any responses as discovery continues.

**Interrogatory No. 2:** Identify documents, evidence, and persons consulted in preparing the response for Interrogatory No. 1.

**Response:** Plaintiff relied on personal memory and recollection of events in preparing the above response interrogatory along with consulting Plaintiffs brother and clergy, David A. Williams, and Plaintiffs sister, Abigail M. Williams who are familiar with the events described in the pleadings and provided assistance in recalling names and details.

Plaintiff did not consult with any attorneys and reserves the right to supplement this response if additional information becomes available.

**Interrogatory No. 3:** Persons Plaintiff contacted concerning allegations.

**Response:** Plaintiff objects to this interrogatory to the extent it seeks the identity of any attorney(s) consulted or any information protected by the attorney–client privilege or work product doctrine. Plaintiff will not identify or disclose communications with any legal counsel.

Subject to and without waiving these objections, Plaintiff states:

Plaintiff has communicated with non-attorney individuals including [Listed below]. These communications occurred between approximately August 2021 and the present (with the exception of one, Richie Lancaster, last communication was on or about February 2024), and generally concerned Plaintiff's request for reasonable accommodation, the events leading to his termination, and his belief that the termination was motivated by religious discrimination and retaliation.

**Trevor H. Sawyer**
**Senior Trooper at NCSHP**
**Last known address: 24 Evergreen Circle, Waynesville, NC 28786**
**Last known phone: (828) 424-8012**

**Titus Smith**
**Former Trooper**
**Last known phone: (828) 443-7327**
**(Plaintiff does not have current mailing address.)**

**Denny Parunak**
**Former Trooper**
**Last known phone: (336) 927-3183**
**(Plaintiff does not have current mailing address.)**

**Bryce Pettit,**
**Former Trooper**
**Last known phone: (828) 963-0995**
**(Plaintiff does not have current mailing address.)**

**Richard Grogan**
**Former Trooper**
**Last known phone: (336) 934-2436**
**(Plaintiff does not have current mailing address.)**

**Luke Staley**
**Former Trooper**
**Last known phone: (336) 927-3600**
**(Plaintiff does not have current mailing address.)**

**Jason Crouse**
**Former Trooper**

Last known phone: (828) 228-2064
(Plaintiff does not have current mailing address.)

**Allen Williams**
**Father to Plaintiff**
**Contact through Plaintiff**
**Tamra Williams**
**Mother to Plaintiff**
**Contact through Plaintiff**

**Tabitha Williams**
**Sister to Plaintiff**
**Contact through Plaintiff**

**Sarah (Liz) Williams**
**Sister to Plaintiff**
**Contact through Plaintiff**

**Abigail M. Williams**
**Master Trooper at NCSHP and Sister to Plaintiff**
**Contact through Plaintiff**

**David A. Williams**
**Former Master Trooper, Clergy, and Brother to Plaintiff**
**Contact through Plaintiff**

**Steven Moore**
**Canton Police Department Captain and current employer to Plaintiff**
**Contact through Plaintiff**

**Joseph Westmoreland**
**Former landlord**
**Contact through Plaintiff**

**Richard M. "Richie" Lancaster II**
**Retired Sergeant at NCSHP/NCDPS and Private Investigator to Plaintiff**
**(Deceased February 18, 2024)**

Plaintiff reserves the right to supplement this response and any responses as discovery continues.

**Interrogatory No. 4:** NCSHP/NCDPS employees with whom Plaintiff discussed facts.
**Response:** Captain Randy L. Deaton, Retired Lieutenant Brandon S. Smith, Retired Captain Harold F. Stines Jr., First Sergeant Aaron C. Ammons, Sergeant Christopher W. Cook. Conversations occurred between August 2021, and January 25, 2022, regarding accommodation request, testing, and termination.

Plaintiff reserves the right to supplement this response and any responses as discovery continues.

**Interrogatory No. 5:** Written or recorded statements of any agent, employee, or representative of Defendants.

**Response:** No recordings in Plaintiff's possession beyond documents produced by Defendants or attached to filings. Plaintiff has written statements in the form of text messages from Troopers and Plaintiffs Sergeant, Aaron C. Ammons, First Sergeant, Brandon S. Smith, and Sergeant Christopher W. Cook. All employees or former employees of NCSHP. Dated [between September 2021, and January 25, 2022], sent directly to Plaintiff. These statements were made via SMS text message to Plaintiff's personal phone.

Plaintiff has produced photo copies of the text messages in accordance with discovery rules and reserves the right to supplement this response if additional statements are identified.

**Interrogatory No. 6:** Written or recorded statements of any person with knowledge.
**Response:** None other than those identified in Interrogatory No. 5.

**Interrogatory No. 7:** Education history.
**Response:**

- **High School Diploma - 2014 - Williams Christian School**
- **Associates in Arts Degree - 2018 - Mayland Community College**
- **Detention Officer Certification - 2018 - Blue Ridge Community College**
- **Basic Law Enforcement Training Certification - Law Enforcement - 2019 - AB-Technical Community College**
- **Isshinryu Karate Black Belt - 2020 - Williams Karate**
- **The 150th Basic Patrol School - 2020 - North Carolina State Highway Patrol**

**Interrogatory No. 8:** Medical conditions or disabilities in past five years.
**Response:** Object on privacy, relevance, and overbreadth grounds. Without waiving objections, Plaintiff states he is not claiming damages for unrelated medical conditions and discloses only conditions relevant to claims: sincerely held religious beliefs precluding certain medical procedures.

**Interrogatory No. 9:** Health care providers for alleged injuries.
**Response:** None. Plaintiff has not received treatment from health care providers specifically for alleged injuries in this case.

**Interrogatory No. 10:** Notifications of alleged disability to supervisors.
**Response:** On or about November 19, 2021, Plaintiff submitted a written request for reasonable accommodation based on religious beliefs and perceived disability protections.

11

Williams v. NCDPS, et al  1:23-CV-366-MR-WCM  MSJ - Exhibit 6
Case 1:23-cv-00366-MR-WCM Document 45-11 Filed 11/20/25 Page 11 of 15

**Interrogatory No. 11:** Why Plaintiff never submitted reasonable accommodation request in writing under ADA policy.
**Response:** Deny premise. Plaintiff submitted a written request for accommodation on November 19, 2021 and then submitted the "Form HR 800 Request for reasonable accommodation" on December 01, 2021.

**Interrogatory No. 12:** Specific acts or omissions constituting wrongdoing.
**Response:** See the Statement of Claim, 1–17, located in Plaintiffs Complaint. In summary: failure to grant reasonable accommodation, retaliation, termination, failure to engage in interactive process.

**Interrogatory No. 13:** "Genetic information" possessed by Defendants.
**Response:** Plaintiff believes Defendants obtained or required disclosure of information relating to COVID-19 testing that constitutes genetic information under 42 U.S.C. § 2000ff-1(a)(1).

**Interrogatory No. 14:** How Defendants violated GINA.
**Response:** By requiring COVID-19 testing and related procedures that may disclose genetic information without proper authorization, and using that information in employment decisions.

**Interrogatory No. 15:** Harm suffered.
**Response:** Loss of employment, lost wages and benefits from January 24, 2022 to present, emotional distress, reputational harm.

**Interrogatory No. 16:** Witnesses expected at trial.
**Response:** Plaintiff, identified supervisors, any relevant HR or internal affairs personnel, and any expert witnesses to be identified in accordance with court scheduling order.

**Interrogatory No. 17:** Computation of damages.
**Response:** Plaintiff objects to this interrogatory as premature because discovery is ongoing and damages are continuing to accrue. Without waiving objections, Plaintiff seeks the following categories of damages as set forth in his Initial Disclosures:

- Back pay and lost benefits from January 24, 2022 to present;

- Front pay in lieu of reinstatement;

- Compensatory damages for emotional distress, humiliation, and reputational harm;

- Punitive damages;

- Attorneys' fees, costs, and expenses of this action;

- Injunctive and equitable relief; and

- Any other relief deemed just and proper by the Court.

The specific amount of damages will be determined by the jury, and Plaintiff will supplement this response with computations and supporting documents as required by Rule 26(e) as discovery progresses.

**Interrogatory No. 18:** Alternative or additional income since termination.
**Response:** Plaintiff has had minimal/temporary employment not comparable to prior wages.

**Interrogatory No. 19:** Legal proceedings in last ten years.
**Response:** None, other than the instant matter and related EEOC proceedings.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**RFP No. 1:** Documents identified in interrogatory answers.
**Response:** Will produce responsive, non-privileged documents.

**RFP No. 2–3:** Emails/correspondence with Defendants.
**Response:** Will produce any in Plaintiff's possession, custody, or control.

**RFP No. 4:** Grievances/complaints filed during tenure.
**Response:** Will produce any in Plaintiff's possession, custody, or control.

**RFP No. 5–6:** Memoranda/reports/witness statements or expert materials.
**Response:** Will produce any in Plaintiff's possession, custody, or control.

**RFP No. 7–8:** Documents relating to interrogatories or complaint allegations.
**Response:** Will produce non-privileged documents.

**RFP No. 9–10:** Expert witness documents.
**Response:** None retained to date.

**RFP No. 11–12:** Documents mentioning facts related to this case.
**Response:** Will produce non-privileged documents in Plaintiff's possession.

## VERIFICATION

I, Jonathan Daniel Williams, certify under penalty of perjury that the foregoing responses are true and correct to the best of my knowledge, information, and belief.

Date: 08/19/2025
Signature: _____
Jonathan Daniel Williams, *Plaintiff, Pro Se*

## CERTIFICATE OF SERVICE

I hereby certify that on this day I served the foregoing **Plaintiff's Responses and**

**Objections to Defendants' First Requests for Admission, First Set of Interrogatories, and First Request for Production of Documents**, together with Plaintiff's First Document Production (Bates Nos. 000001 – 000776), by depositing a copy with UPS for delivery, and by electronic mail addressed as follows:

Joseph P. Vellon
Special Deputy Attorney General
NC Department of Justice
Public Safety Section
P.O. Box 629
Raleigh, NC 27602-0629
Telephone: (919) 716-6901
Facsimile: (919) 716-6761
Email: jvellon@ncdoj.gov
*Counsel for Defendants*

Manuel C. Davis
Assistant Attorney General
N. C. State Bar No.  51598
N. C. Department of Justice
Public Safety Section
P. O. Box 629
Raleigh, NC  27602-0629
Telephone: (919) 716-6906
Facsimile: (919) 716-6761
Email:  mdavis@ncdoj.gov
*Counsel for Defendants*

This the 19th day of August 2025.

/s/ Jonathan D. Williams
Jonathan D. Williams
*Plaintiff, Pro Se*

14

STATE OF NORTH CAROLINA )
)
COUNTY OF Buncombe )

I HEREBY CERTIFY that Jonathan Williams personally appeared before me this day, and I have personal knowledge of the identity of this person and that he/she has voluntarily signed the foregoing document for the purpose stated therein and in the capacity indicated.

Date: August 18, 2025

Michaela L Johnson
Notary Public

My commission expires:
June 7, 2027

Williams v. NCDPS, et al          1:23-CV-366-MR-WCM          MSJ - Exhibit 6
Case 1:23-cv-00366-MR-WCM     Document 45-11     Filed 11/20/25     Page 15 of 15